UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Derek Adam Western, | Case No. 23-cv-1604 (ECT/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Synchrony Bank et al, | |
| Defendants. | |

Plaintiff Derek Adam Western filed suit against Defendants Synchrony Bank et al on May 30, 2023. ECF No. 1. As of February 2, 2024, the record indicated that service of the summons and Complaint on Defendants had not been effected. This Court issued an Order directing Plaintiff to "show cause *in writing* within 30 days as to why [his] claims should not be dismissed against Defendants for non-compliance with Federal Rule of Civil Procedure 4." ECF No. 5 at 2. Plaintiff was also warned that "[f]ailure to comply . . . may result in dismissal of this action against Defendants for failure to prosecute." *Id*. As of the date of this Report and Recommendation, Plaintiff has failed to serve Defendants. Nor has he responded to the Court's Order to Show Cause.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the

1

disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Plaintiff has not advanced his lawsuit forward in about nine months since filing. Plaintiff failed to provide any information to the Court that Defendants have been served, let alone that Defendants have been served within the time permitted under Fed. R. Civ. P. 4(m). Nor is there any other indication in the record that Defendants have been served. Plaintiff's pro se status does not relieve him of his obligations to comply with the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.") (citation omitted); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . .");

*Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.") (citations omitted). Given Plaintiff's failure to comply with Rule 4(m), the Court concludes dismissal of Plaintiff's claims against Defendants for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiff's access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants be **DISMISSED WITHOUT PREJUDICE**.

Date: March 7, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Western v. Synchrony Bank et al,*
Case No. 23-cv-1604 (ECT/TNL)

3

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).