UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Derek Adam Western, | File No. 23-cv-1604 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Synchrony Bank et al., | |
| Defendants. | |

Plaintiff Derek Adam Western filed this action *pro se* on May 30, 2023. ECF No. 1. But service of process was never effectuated, and Magistrate Judge Tony N. Leung ordered Mr. Western "to show cause *in writing* within 30 days as to why [his] claims should not be dismissed against Defendants for non-compliance with Federal Rule of Civil Procedure 4." ECF No. 5 at 2. The Order further warned that "[f]ailure to comply with this Order may result in dismissal of this action against Defendants for failure to prosecute." *Id.* Mr. Western did not respond. *See generally*, Docket. Magistrate Judge Leung therefore issued a Report and Recommendation recommending dismissal for failure to prosecute and for non-compliance with Federal Rule of Civil Procedure 4(m). ECF No. 6. Mr. Western objected on March 15, 2024. ECF No. 7. Because Mr. Western has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Report and Recommendation will be accepted because Mr. Western's objections do not justify his failure to prosecute or non-compliance with Rule 4(m).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 467 (8th Cir. 2008) (per curiam).

Mr. Western objects to the Report and Recommendation because "[he] engaged a service agency for the purpose of serving the defendants, which subsequently went out of business without completing the service." ECF No. 7 at 2. He further claims that "[t]he court should allow the plaintiff an opportunity to rectify this situation by granting an extension to complete the service of process." *Id.* at 3. These objections are not persuasive. Mr. Western did not respond to the Clerk of Court's September 2023 letter instructing him to "[p]lease complete the enclosed U.S. Marshal Service Form(s) (one per defendant) and return to one of the offices indicated at the top of this form. Service cannot be performed until these completed forms have been received by the Clerk's Office." ECF No. 4; *see generally*, Docket. And he did not respond to Magistrate Judge Leung's Order to Show Cause. *See generally*, Docket. The service agency going out of business does not explain his failure to respond to the letter and Order. Moreover, more than ninth months have passed between Mr. Western filing the Complaint and Magistrate Judge Leung's Report and Recommendation. *Compare* ECF No. 1, *with* ECF No. 6. The service agency going

out of business also does not explain Mr. Western's failure to find an alternative means of service or prosecute his case for that entire nine-month period. Without more, Mr. Western has not justified his failure to advance his lawsuit or shown good cause for not complying with Rule 4(m).

Mr. Western also objects that "dismissal would prevent him from seeking necessary remedies" and "undermine[] the judicial system's role in addressing substantive legal grievances." ECF No. 7 at 4. But nothing about Mr. Western's current situation will change if this matter is dismissed without prejudice. He can return to federal court and initiate a new lawsuit—based on the same allegations—when he is prepared to prosecute his case. In the meantime, the Report and Recommendation will be accepted, and this action will be dismissed without prejudice.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 7] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 6] is **ACCEPTED** in full;

3. The action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 3, 2024               s/ Eric C. Tostrud
                                    Eric C. Tostrud
                                    United States District Court